his wife near to him on his left-hand side and stepping across the pipe. Both jumped to their left away from the oncoming car. As the husband did so, the car brushed his coat-tail. When the wife jumped her foot "struck something smooth and round". She slipped and fell upon this pipe.

Appellants contend that the issue of proximate cause should have been submitted to the jury. This contention cannot be sustained. After a careful review of the testimony, this Court is of opinion that even though negligence of the City be assumed for the purpose of this appeal, appellants have failed to establish that such negligence was in any way the proximate cause of the injuries sustained.

The court below properly stated that the "sole cause of the accident was the rapid approach and closeness of the automobile which negligently ran the plaintiffs off the road into a place of which they had full knowledge. The city is not liable for failing to foresee the negligence of the driver and furnish a safe and convenient place for pedestrians forced to precipitately leave the roadway."

Judgment affirmed.

## Allegheny County Petition.

Argued October 2, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

68

*Elder W. Marshall,* with him *Frank W. Ittel, Joseph I. Marshall* and *Reed, Smith, Shaw & McClay,* for appellant.

*Edward G. Bothwell,* First Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, and *Harry V. Bair,* Assistant County Solicitor, for appellee.

72

OPINION PER CURIAM, November 13, 1950:

Order affirmed on the opinion of the learned court below.

Heilig Bros. Company, Inc., Appellant, *v.* Kohler et al.