## Cassidy v. Commonwealth

*John W. Wellman* and *Frank I. Ginsberg*, for plaintiffs.

*John H. Clark, Jr.*, for defendants.

SWENEY, P. J., January 17, 1964.—Plaintiffs are the owners of a property situated at the northwest corner of Baltimore Pike and Forge Road, in Concord Township, this county. On October 27, 1960, a part of this property was condemned for the purpose of

widening Highway Route 131, sec. 26, as shown by plans recorded at Media in State Highway Plan Book 4, no. 18, sheet 24 of 43. In July 1962, work on said project was commenced in front of plaintiffs' property.

Viewers were appointed at the request of plaintiffs, on October 18, 1962. Defendant has filed its petition and rule to show cause why Joseph Cassidy, Jr., and Robert W. Ellis should not be made parties to this proceeding. Plaintiffs have filed an answer denying the request for joinder. This matter is before the court en banc to determine what action shall be taken upon this petition.

The necessary, uncontradicted facts are that plaintiffs, by written lease, dated April 15, 1959, leased a portion of their property to Robert W. Ellis for the term of one year from May 15, 1959, with the right of renewal for seven additional terms of one year each upon 60 days written notice; said property was to be used as a gasoline service station. A pertinent provision of the lease is as follows:

"FOURTH.—In the event that the use of the demised premises as a gasoline filling station by (be?) prevented or totally suspended for a period of more than 30 days, by the operation of any statute or ordinance or any other governmental action, the rents shall be abated to an extent corresponding to the time during which and to an extent to which the use is prevented or suspended. Provided, however, that any such suspension of business is not the result of the violation by the Lessee or his agents of any ordinance, statute or regulation of any governmental body."

The highway construction rendered the property leased by Ellis unusable for gasoline service station purposes. On or about September 1, 1962, Ellis moved out and ceased to pay rent. Ellis never renewed the lease.

No one is objecting to Joseph Cassidy, Jr., being

made a party to these proceedings. As a consequence, we will so provide by proper order.

Seemingly, there is no objection to the joinder of a tenant, where it appears that the tenant has a real interest. The question raised here by plaintiffs is that Robert W. Ellis has no interest in the property or his lease, which entitles him to compensation. On the other hand, the Commonwealth asserts that the question of whether a right to damages exists for a taking by the Commonwealth and to whose benefit that right of damages inures is for the jury of view.

Viewers derive their authority from the order of the court. They must not go beyond the order: Allegheny County Petition, 366 Pa. 66. Although eminent domain statutes do not authorize viewers to decide questions other than those relating to land values or damages, it is implicit that viewers must decide all relevant questions of law or fact before they can competently make an award of damages: Gardner v. Allegheny County, 393 Pa. 120. Hence, viewers may, to the extent necessary to determine who is entitled to damages, pass upon the title to land which is subject to condemnation; but, viewers are without power to decide a title dispute between condemnees who are claiming the same property: Powell Appeal, 385 Pa. 467; Sgarlat v. Kingston Borough Board of Adjustment, 407 Pa. 324 (1962).

The question in this matter is not one of title. The proposed additional claimant, Robert W. Ellis, is an alleged tenant and claims title and the right to recover damages through plaintiffs. These parties are disputing the interpretation or effect of a lease.

From a reading of the authorities, we are convinced that the law is settled that viewers have the power and authority to determine the validity of the lease in question and the resulting consequences as bearing upon the claim of Robert W. Ellis as a tenant.

*Decree*

And now, January 17, 1964, it is ordered and decreed that the prayer of defendant's petition is granted and Joseph Cassidy, Jr., and Robert W. Ellis are joined as party claimants herein.